IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**MAXIE J. RUSH,**

   Plaintiff

v.     CIVIL NO. JKB-10-1732

**PROCTER & GAMBLE,**

   Defendant

## MEMORANDUM

*I. Background*

This *pro se* case alleging employment discrimination was filed on June 25, 2010. (Compl., ECF No. 1.) On August 20, 2010, in response to a court order, Rush paid the filing fee, and on August 26, 2010, the Clerk of Court issued a summons for Rush to use in effectuating service. (ECF No. 4.) A copy of the order, which included an explanation of a plaintiff's responsibilities to complete service, was provided to Rush. (ECF No. 3.)

Under Federal Rule of Civil Procedure 4(m), a plaintiff's failure to serve the defendant within 120 days after the complaint is filed requires dismissal of the action without prejudice, but also allows the court to order that service be made within a specified time. The rule provides, however, that the court must extend the time for service for an appropriate period if the plaintiff shows good cause for the failure.

According to the rule, then, Rush had through the date of October 25, 2010, to effectuate service on Procter & Gamble. On November 29, 2010, Rush filed a paper entitled "Request for Extension" (dated November 24) indicating the Court had issued a ninety-day deadline from

August 26 to serve Procter & Gamble.[1] (ECF No. 5.) Thus, Rush would have through November 24 to complete service, but he indicated problems in accomplishing that, primarily because of the existence of more than one corporate entity with "Procter & Gamble" in its name, and asked for an extension, which the Court granted on January 3, 2011. (ECF No. 6.) The Court did not specify the date by which Rush should complete service. After reassignment of the case to the undersigned, a new order was issued that established February 25, 2011, as the deadline for Plaintiff to accomplish service on Defendant.[2] (ECF No. 7.) The same order also specified that if Rush did not serve Defendant by that date, he would have fourteen days after that to show cause why the case should not be dismissed for lack of prosecution.

On February 24, the Clerk reissued the summonses, this time issuing several with variations on the Procter & Gamble name as well as one in the name of Noxell Corporation.[3] (ECF No. 8.) However, as far as the Court was concerned, service was not accomplished by the deadline of February 25, and Rush did not show cause within fourteen days thereafter why the case should not be dismissed, hence, justifying dismissal on March 11. (ECF No. 9.) On March 23, Rush moved to reopen the case. (ECF No. 10.) The Court granted the motion and granted an additional twenty-eight days to obtain service of process on Defendant. (ECF No. 11.) The summons to Noxell Corporation was reissued on April 1. (ECF No. 12.) According to a filing made on April 11, Defendant was served on April 4 and its answer was due on April 25.[4] (ECF No. 13.)

---

[1] The grant of that additional time for service is not reflected in the Court's docket, but it is assumed for the sake of argument that Rush is correct on this.

[2] This was remailed to Plaintiff on February 7, 2011, after its initial entry on January 26.

[3] Defendant has clarified that Plaintiff was formerly employed by Noxell Corporation. (Def.'s Mot. Dismiss 1 n.1, ECF No. 15.)

[4] Oddly, the summons showing return of service was neither dated nor signed, unlike the two summonses issued for Noxell Corporation.

When no responsive pleading was filed by April 25, the Court ordered Rush to file a motion for entry of default by the Clerk and a motion for default judgment or to provide a report to the Court within thirty days why that would not be appropriate. (ECF No. 14.) On May 6, Defendant filed a motion to dismiss, asserting failure of service of process and failure to state a claim. (ECF No. 15.) Rush's response was entitled "Request for Continuance," and essentially asked that the Court not grant Defendant's motion. (ECF No. 18.) With the filing of Defendant's reply (ECF No. 19), this case is now ripe for disposition. No hearing is necessary. Local Rule 105.6. The motion will be granted.

## II. Analysis

Plaintiff attempted to serve Defendant by mail. He mailed summonses to CT Corporation, which serves as a registered agent for many companies including The Procter & Gamble Company, which wholly owns Noxell Corporation. But he did not include in his attempted service a copy of the complaint, as required by Rule 4(c)(1). (Def.'s Mot. Ex. 6.) Rush has offered no explanation as to why he did not follow the rule on this point.

Because Rush was having difficulty complying with the rule, counsel for Defendant offered via letter to accept service on Defendant's behalf as long as Rush properly utilized the waiver-of-service provision of Rule 4(d). (Def.'s Mot. Ex. 7.) Counsel enclosed with his letter the form that Rush needed to fill out and return to him "<u>with a copy of the Complaint</u>"; counsel further said he would sign and return it to Rush, who could then file it with the Court. (*Id.*) Counsel clearly stated he was not authorized to accept service of process other than as set forth in the letter and reiterated that by providing only a summons to CT Corporation, Rush had not effected service of process on Noxell or any other entity. (*Id.*) Rush never sent the completed form to Noxell's counsel even after receiving further correspondence, via regular mail and email,

from counsel inquiring about the status of the waiver and indicating that a motion to dismiss would be filed if the waiver-of-service procedure was not used. (*Id.* Ex. 8.)

Rush states that counsel's letter left him "with mixed emotions," but he does not refute the evidence that he has failed to effect service on Defendant. (Pl.'s Opp., ECF No. 18.) In the absence of waiver or consent, a plaintiff's failure to obtain proper service on a defendant deprives the court of personal jurisdiction over that defendant. *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). It is clear that neither Procter & Gamble, the named Defendant, nor Noxell Corporation, the entity that should be the named Defendant, has waived service or consented to the Court's exercise of jurisdiction in this case. Consequently, the inevitable conclusion is that this case should be dismissed for insufficient service of process. Although the Court is cognizant of Rush's *pro se* status, that status does not excuse noncompliance with the rudiments of filing and prosecuting a case. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") Because the Court lacks personal jurisdiction over the Defendant, it does not reach the alternative question of whether Rush's complaint states a claim for relief.[5] A separate order will be entered dismissing the case.

DATED this 2nd day of August, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[5] If the Court were to reach that question, it would rule without difficulty that Rush's complaint fails to state a claim for relief.